## Case No. 16,019.

### UNITED STATES v. PEACOCK.

[1 Cranch, C. C. 215.] [1]

Circuit Court, District of Columbia. Dec. Term, 1804.

CRIMINAL LAW—POSTPONEMENT OF VENIRE—FORGERY OF BILL OF EXCHANGE—INDICTMENT.

1. A venire may be postponed.

2. In an indictment for forging a bill in the name of a fictitious drawer and indorser, it is not necessary to state any real subsequent indorsements. They are no part of the bill. The indorsement by the prisoner may be given in evidence to prove his intent to defraud, although such indorsement be not set forth in the indictment.

3. The omission of the words "account of" was fatal to the indictment. After jury sworn the court will not quash the indictment. The prisoner has a right to a verdict.

[4. Cited in U. S. v. Brown, Case No. 14,658, to the point that the person whose name is forged may testify for the prosecution under a charge of forgery.]

Indictment for forgery. A venire was ordered to this day, Thursday, January 17, 1805, and upon request of the prisoner [B. W. Peacock] the trial was postponed until Monday next; whereupon the jurors summoned were ordered to attend on Monday. The like was done in the case of U. S. v. Williams [Case No. 16,709] at last term. This indictment was for the forgery of a foreign bill of exchange in the name of a fictitious drawer and payee and indorser, with intent to defraud Sperry & Barnes, to whom the prisoner had sold the bill and indorsed it.

P. B. Key, for the prisoner, objected to the bill being given in evidence; it being indorsed by the prisoner and W. Thornton, and by Crow, Wright & Co., and the indorsements not being set forth in the indictment.

Mr. Jones, for the United States. The indorsement is no part of the bill. As between the indorser and indorsee the indorsement is the drawing of a new bill; and as between the holder and the drawee it is only an assignment. In setting forth the intent to defraud any party, it is not necessary to set forth the manner; but the general intent is sufficient. This appears clearly from all the authorities. Gilb. (Lofft) Ev. 690; Rex v. Powell, 2 W. Bl. 787; 1 Leach, 77, Case 43. The manner is matter of evidence. Forgery at common law may be of an order to pay money. An objection was taken, in that case, that the indictment did not set forth that J. Ward had alum of the Duke of Buckingham in his hands whereby it would appear that the Duke of Buckingham could be injured by the draft. But it was held not necessary; if the Duke of Buckingham might be defrauded thereby, it was sufficient to constitute the crime of forgery at common law. Rex v. Ward, 2 Ld. Raym. 1461, 2 Strange, 747.

Mr. Key. The drawer and drawees are fictitious. If I draw a bill in the name of a fictitious drawer and drawee, and keep it in my pocket it is no offence; for it cannot be with intent to defraud persons not existing; no intent to defraud could be alleged until it was indorsed; the intent must be proved by acts; until indorsed there can be no evidence of the intent to defraud Crow, Wright & Co.; the intent did not commence until the bill was indorsed. The forgery in this case, if it exists, did not exist until it was indorsed and thrown into circulation with intent to defraud some person. It cannot appear to be a criminal act unless it be stated in the indictment that the bill was thrown into circulation. The indictment states that the bill was payable to the order of R. W. Peacock; and does not state that R. W. Peacock even appointed to whom it should be paid; and therefore there was no person who could receive the money; the bill had no operation until indorsed by R. W. Peacock. If the bill had been drawn in the name of a real person, then it might have been criminal; but being in a fictitious name, the indictment must show the facts by which it shall appear that injury could arise to some person. Instruments in indictments must be set forth in hæc verba; if the omission of a letter makes it a different word, it is fatal; a fortiori, the omission of the indorsement, which indorsement constitutes the essence of the offence. McNal. Ev. 511, 513. R. W. Peacock was a party on the face of the bill; and it was necessary (in order to show that the fact was criminal) to state his indorsement. This indorsement was essential to the negotiability of the bill. Upon this indictment they have charged the forging a bill never negotiated; and which without negotiation is an innocent paper. The case in Lord Raymond, as to forgery at common law, is not law. 2 McNal. Ev. 637. It was decided since the colonization of Maryland. By the common law there could not be a forgery of a bill of exchange. There is a difference between forging the name of a real person, and putting in a fictitious name; this cannot be to the injury of the fictitious person; but in the former case it may be to the injury of the real person; in the case of a fictitious person it can injure no one until indorsed; before indorsement it is an innocent act.

Mr. Jones. The only question is whether the indorsement constituted a part of the bill; the omitted indorsements are true, and therefore it is not necessary to state them. If the bill was forged with intent to defraud, although it might have been kept in his pocket and never negotiated, it is sufficient to constitute the offence. The case of a forged lease and release (Rex v. Crooke, 2 Strange, 901), which were imperfect and therefore inoperative, was held to be a case of forgery; the intent being proved. It is not necessary to state that the forged bill was published (Rex v. Ward, Ld. Raym. 1461).

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

THE COURT was of opinion that on the first count, in which the offence charged is the forging of the bill with the intent to defraud some person therein mentioned, this intent may be proved by after circumstances, without their being set forth. The indorsement of the bill by the prisoner is one of those circumstances, and is not a part of the bill; evidence may therefore be offered of the making of the bill produced by the attorney of the United States, notwithstanding the indorsements are not set out in the indictment.

Mr. Key objected to the bill going in evidence under the indictment, it having the words "account of" in it, which are not in the bill set forth in the indictment. This variance was admitted to be fatal.

Mr. Jones then moved the court to quash the indictment; but

THE COURT refused to quash it, being of opinion that the prisoner had a right to a verdict.

Verdict for the prisoner.

Mr. Jones, after verdict, renewed his motion to quash the indictment. Granted; no objection being made.

The prisoner was afterwards at the same term convicted upon another indictment, for a similar forging of another bill, on the trial of which the same objection was taken, that the real subsequent indorsements should have been set forth in the indictment. But the objection was again overruled by THE COURT.

To show that a fictitious bill may be forgery, the following cases were cited: Lewis' Case, Fost. Crown Law, 116; Bolland's Case, 1 Leach, 83, Case 47, Lyon's Case, 2 Leach, 597, Case 267; Taft's Case, 1 Leach, 172, Case 88; Taylor's Case. Id. 214. Case 106; and Moffatt's Case, Id. 431, Case 200.